BERYL ROBERTS, as Ancillary Administratrix, etc., of WILLIAM F. NORMAN, Deceased, Appellant, v. JAMES McDONALD, Respondent.

First Department, June 20, 1935.

*Ramsey Clayton* of counsel [*C. Alexander Capron* and *William F. Hamilton* with him on the brief; *Mitchell, Taylor, Capron & Marsh,* attorneys], for the appellant.

*James F. Donnelly* of counsel [*Walter J. McNichols* with him on the brief; *Olvany, Eisner & Donnelly,* attorneys], for the respondent.

MERRELL, J. The order appealed from was, in our opinion, wholly erroneous. The order grants summary judgment "for the amount as found, if any amount is found, by the Referee as hereinafter named, less Thirty Thousand Dollars ($30,000.00)." The order appealed from then goes on to provide " that the defendant

have the right to attack the account and the note mentioned and described in the complaint under the defenses set out in the answer." The order appeal d from then appoints a referee "to hear and determine the total value of the services, if any, covered by the account and the note mentioned and described in plaintiff's complaint and the defenses set out in the answer." In short, the order appealed from, while granting summary judgment in such amount as the referee may find as the balance due plaintiff, provides that the defendant "have the right to attack the account and the note mentioned and described in the complaint under the defenses set out in the answer."

Plaintiff is the administratrix of the goods, chattels and credits of William F. Norman, deceased. Plaintiff's intestate was an attorney at law and represented the defendant in various legal matters. In the first cause of action set forth in the complaint, plaintiff alleges that on or about April 9, 1929, an account was duly had and stated between her intestate and the defendant for work, labor, services and money advanced, and that there was found due plaintiff's intestate from the defendant the sum of $40,000, which amount, it is alleged, the defendant agreed to pay his said attorney. The allegation of the complaint as to the account stated is denied by the answer of the defendant. The plaintiff, in her complaint, then alleges that defendant has paid, or caused to be paid, in three installments, $30,000, and that there now remains a balance due and unpaid of $10,000. As a second cause of action the plaintiff alleges that on or about said April 9, 1929, as part payment for the services and advancements made to him, the defendant delivered to plaintiff's intestate his promissory note for $10,000, a copy of which is set forth in the complaint, and upon which plaintiff alleges there is now due and owing plaintiff from defendant the sum of $10,000, with interest from April 9, 1929. In her complaint plaintiff demands judgment against defendant for $10,000, besides interest.

The answer of the defendant places in issue, by denials, the allegations of the complaint with reference to the alleged account stated between plaintiff's intestate and defendant, and the allegations of the complaint with reference to the death of plaintiff's intestate, of her appointment as administratrix of the estate by the Supreme Court of the District of Columbia holding a Probate Court, and the issuance thereunder by the Surrogate's Court of New York county of ancillary letters of administration to plaintiff. The defendant admits the payment of $30,000 to plaintiff's intestate, but denies all the other allegations of the complaint. As a further separate defense to plaintiff's first cause of action, defendant alleges

that plaintiff's intestate caused the defendant to execute a series of promissory notes, aggregating $40,000, in payment for alleged legal services; that the charge of $40,000 was unreasonable, excessive, invalid, unfair and unconscionable, in view of the services rendered and the relationship existing between the parties at the time said notes were executed. Answering plaintiff's second cause of action, the defendant realleges the denials and allegations of the answer with reference to the first cause of action set forth in the complaint, and denies that there is due and owing to plaintiff on account of the note alleged in the second cause of action the sum of $10,000, with interest. As a further separate defense to plaintiff's second cause of action, defendant alleges that on April 9, 1929, at the direction of plaintiff's intestate, and while the relationship of attorney and client existed between the defendant and plaintiff's intestate, the latter had defendant execute a series of promissory notes, aggregating $40,000, one of which is described in the second cause of action contained in the complaint, and the defendant alleges that said charge or fee of $40,000 was unreasonable, excessive, invalid, unfair and unconscionable, in view of the services rendered and the relationship existing between the parties at the time said notes and assignment were executed, and the defendant alleges that the said note and an assignment as security therefor for the payment of said notes of a sufficient amount of defendant's income from a certain trust fund under the last will and testament of James McDonald, Sr., were executed without good, sufficient or valid consideration. In his affidavit in opposition to plaintiff's motion for summary judgment, the defendant sets forth facts which clearly entitle him to a right to defend the action brought by plaintiff. Indeed, under the provisions of the order appealed from, the justice at Special Term accorded the defendant the right to attack the account and the note mentioned and described in the complaint under the defenses set out in the answer.

We are unable to understand how summary judgment can be granted in favor of plaintiff for the amount found by the referee to be plaintiff's due, when the same order provides that the defenses interposed in the answer may be litigated before the referee. This is not a case for the granting of summary judgment, and the order purporting to grant the same was clearly erroneous.

The order should be reversed without costs, and plaintiff's motion denied.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed and motion denied.